UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RORY RUSSELL,

                       Plaintiff,

  -against-                                       1:23-CV-1408 (LEK/CFH)

TITANIUM LLC,

                       Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.   INTRODUCTION**

On June 28, 2023, Plaintiff Rory Russell brought this breach of contract action against Defendant Titanium LLC in the State of New York Supreme Court, County of Warren. See Dkt. No. 1-1 ("Complaint"). Defendant removed the action to this Court on November 9, 2023. Dkt. No. 1. Defendant now moves to dismiss this action for lack of personal jurisdiction. Dkt. No. 6-1 ("Motion"). Plaintiff has filed a response, Dkt. No. 12 ("Response"), and Defendant has filed a reply, Dkt. No. 13.

For the reasons that follow, Defendant's Motion is denied.

**II.   BACKGROUND**

According to the Complaint, Plaintiff is a sole proprietorship and "is in the business of providing consulting services with regard to the sale of security-related businesses and assets." Compl. ¶¶ 1, 3.[1] Plaintiff's principal place of business is in Kattskill Bay, New York. See id. ¶ 1.

---

[1] References to the body of the Complaint cite to the corresponding paragraph number. References to the addendum of the Complaint cite to the corresponding ECF page number.

Defendant "is a limited liability company duly organized under the laws of the State of California with its principal place of business in . . . Rancho Cucamonga, California." Id. ¶ 2.

Plaintiff states that both Plaintiff and Defendant "transacted business in New York." Id. Specifically, Plaintiff alleges that Defendant "entered into a consulting agreement with [Plaintiff] with regard to the sale of [Defendant's] security business, accounts, contracted and non-contracted security services, revenue and all other business assets and business name." Id. ¶ 4. Plaintiff and Defendant memorialized this agreement in a document ("Agreement") that Plaintiff attached as an addendum to his Complaint. See id. at 10–12. Relevantly, the Agreement includes a forum selection clause that states: "[t]his Agreement will be governed by the laws of New York, and the parties submit to the jurisdiction of the Courts of New York State for any matter arising out of this agreement." Id. at 11.

Plaintiff alleges that he represented Defendant throughout negotiations for the sale of Defendant to a third party. Id. ¶ 10. Defendant was eventually purchased by a third party on January 20, 2023. Id. ¶ 11. Plaintiff alleges that Defendant was contractually obligated to pay Plaintiff a consulting fee worth five percent of the "net purchase price of the sale." Id. Defendant, however, failed to pay that fee. Id. ¶ 12. Instead, Plaintiff states that Defendant—without Plaintiff's knowledge—retained another consultant and paid fees to that consultant instead. Id. ¶¶ 17–22.

In a declaration, Defendant's CEO and sole member, Joshua Sutherland ("Sutherland"), states that Defendant has no connection to the state of New York, and has conducted no business in the state. Dkt. No. 6-2 ("Sutherland Declaration"). Specifically, Sutherland states that "[i]n the time in which [Defendant] actively conducted business, [Defendant] never conducted any business in the State of New York or advertised or solicited business in New York." Id. ¶ 6.

Sutherland further states that Defendant has never had an office in New York; has never "leased, owned or occupied any real property in the state"; none of Defendant's employees "ever traveled to the State of New York for any business matter"; and Defendant "has never sold goods or services to any person or entity in the State of New York and has never provided goods or services to any person or entity in the State of New York." Id. ¶¶ 7–9. Furthermore, Sutherland states that he never traveled to New York State "in connection with the Agreement, nor were any of [Defendant's] activities related to the Agreement conducted in New York." Id. ¶ 10. Instead, Sutherland states he met with Plaintiff in Florida and Nevada, and Sutherland "agreed to retain [Plaintiff] based on conversations that took place in Nevada." Id. Sutherland executed the Agreement while he was in California. Id. ¶ 11.

Since it asserts that no activity relevant to this matter took place in New York, Defendant argues that this Court lacks personal jurisdiction over Defendant. See Mot. at 5.

### III. LEGAL STANDARD

"When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendants." Micro Fines Recycling Owego, LLC v. Ferrex Eng'g, Ltd., No. 17-CV-1315, 2019 WL 1762889, at *2 (N.D.N.Y. Apr. 22, 2019) (Kahn, J.) (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). The court is not limited to considering the "four corners of the complaint." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 225 (S.D.N.Y. 2013). "[T]he Court may also rely on submitted affidavits and other supporting materials submitted in relation to the motion." Id.

A plaintiff need only make a prima facie showing of personal jurisdiction over a defendant. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quoting Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564–65 (S.D.N.Y. 1997)). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998). While "the pleadings and affidavits are to be construed in the light most favorable to Plaintiff, and all doubts are to be resolved in Plaintiff's favor," Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016), a court should "not draw 'argumentative inferences' in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

"There are two ways that New York exercises personal jurisdiction over non-residents: general jurisdiction pursuant to N.Y. CPLR § 301 ["Section 301"] or specific jurisdiction pursuant to N.Y. CPRL § 302 ["Section 302"]." Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015) (cleaned-up), aff'd, 660 F. App'x 43 (2d Cir. 2016). "Section 301 preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Id. at 798–99 (citation and quotation marks omitted). Section 302 governs specific jurisdiction, and finds that New York courts may exercise jurisdiction over non-domiciliaries if the non-domiciliary has one of the following contacts with New York:

> (1) the transaction of any business within the state or contracts anywhere to supply goods or services in New York;

4

> (2) the commission of a tortious act within this state;
>
> (3) the commission of a tortious act without the state causing injury within the state so long as the tortfeasor either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) the ownership, use, or possession of any real property within New York.

Doe v. Roman Cath. Diocese of Erie, Pennsylvania, No. 20-CV-0257, 2021 WL 1062570, at *2 (N.D.N.Y. Mar. 19, 2021) (Kahn, J.) (citing N.Y. C.P.R.L. § 302(a)(1)–(4)).

## IV. DISCUSSION

Defendant offers two reasons why the Court cannot exercise personal jurisdiction over Defendant. First, Defendant points out that in its Complaint, Plaintiff states that Defendant "transacted business in New York with Plaintiff," Compl. ¶ 2, but that Plaintiff does not provide any specific factual allegations to support this statement. Mot. at 8–11. Defendant goes on to argue that Defendant did not transact in New York, and therefore the Court cannot exercise personal jurisdiction under New York's long-arm statute. Id. Second, Defendant highlights the forum selection provision of the Agreement, arguing that the clause is "permissive" and therefore does not give this Court adequate grounds for jurisdiction. Id. at 11–14. The Court examines each of these grounds separately.

### A. Transaction of Business in New York

Plaintiff does not contest that New York's long-arm statute is inapplicable here. Resp. at 6–7. For the sake of thoroughness, however, the Court reviews whether it can maintain jurisdiction under these grounds.

5

Plaintiff does not appear to suggest anywhere in his Complaint that Defendant "is engaged in [] a continuous and systematic course of doing business," Thackurdeen, 130 F. Supp. 3d at 798–99, in New York. See generally Compl. As such, this Court does not have general personal jurisdiction over Defendant. The Court therefore turns to specifical personal jurisdiction.

Plaintiff's statement that Defendant "transacted business in New York with Plaintiff," Id. ¶ 2, appears crafted to satisfy Section 302(a)(1). However, Plaintiff provides no additional evidence or allegations to support this statement. See generally id. Courts have routinely stressed that if a pleading only asserts "conclusory non-fact-specific jurisdictional allegations" or states a "legal conclusion couched as a factual allegation," then personal jurisdiction has not been satisfied. Jazini, 148 F.3d at 185. Furthermore, this Court is permitted to "rely on submitted affidavits" to determine whether it has personal jurisdiction over Defendant. Phillips, 955 F. Supp. 2d at 225. The Sutherland Declaration emphasizes that Defendant had no connection to New York: none of the events of this dispute occurred in New York, Sutherland never traveled to New York, and the Agreement was signed after meetings that took place in Florida and Nevada. Sutherland Decl. ¶¶ 6–12. Thus, because Plaintiff has not provided concrete allegations establishing Defendant's connection to New York, and Defendant has submitted a declaration that provides ample evidence that Defendant had no connection to New York, the Court concludes that it does not have specific personal jurisdiction pursuant to Section 302.

### B. Forum Selection Clause

The Agreement's forum selection clause is brief, stating: "[t]his Agreement will be governed by the laws of New York, and the parties submit to the jurisdiction of the Courts of New York State for any matter arising out of this agreement." Compl. at 11. Defendant argues

6

that this is not enough to establish personal jurisdiction over Defendant. See Mot. at 12–14. Plaintiff argues that by signing the forum selection clause, Defendant has "waived any basis to dispute" jurisdiction in New York. Resp. at 7.

Enforcement of "forum selection clauses is governed by federal law." NuMSP, LLC v. St. Etienne, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020) (citing Martinez v. Bloomberg LP, 740 F.3d 211, 220 (2d Cir. 2014)). "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006) (citing Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–316 (1964)).

In determining whether a forum selection is entitled to the presumption of enforceability, courts in this Circuit consider: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e. whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." Martinez, 740 F.3d at 217 (cleaned-up).

    *i.* *Whether the Clause is Mandatory or Permissive*

Under the second prong of the Martinez test, a "permissive" clause is "not subject to a presumption of enforceability." Global Seafood Inc. v. Bantry Bay Mussels Ltd., 659 F.3d 221, 225 (2d Cir. 2011) (citation omitted). To determine whether a clause is permissive or mandatory, courts look to the language of the clause to see whether "(1) it confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language." Id. (citation and quotation marks omitted). "Forum selection clauses lacking any clear exclusionary or obligatory language—i.e., specific language of exclusion—are . . . permissive." Id.

The forum selection clause in the Agreement is permissive, not mandatory. The language of the forum selection clause—"the parties submit to the jurisdiction of the Courts of New York State for any matter arising out of this agreement," Compl. at 11—does not "confer[] exclusive jurisdiction on the designated forum" nor does it "incorporate[] obligatory venue language," Glob. Seafood, 659 F.3d at 225. Nothing in the forum selection clause expressly states that New York is the sole and exclusive venue in which either party may litigate a dispute. In fact, the precise language used in this forum selection clause is very similar to language found to be permissive in other Second Circuit cases. In Indian Harbor Ins. Co. v. NL Env't Mgmt. Servs., Inc., for example, the court found a forum selection clause to be permissive where it stated that "the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction." No. 12-CV-2045, 2013 WL 1144800, at *6 (S.D.N.Y. Mar. 19, 2013). Another court similarly found language stating that the parties "will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court [sic] jurisdiction" was permissive. Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 58 (S.D.N.Y. 2001). Thus, given the similar language in the instant case, the Court is persuaded that the forum selection clause in the Agreement is permissive. Accordingly, the forum selection clause is "not subject to a presumption of enforceability." Glob. Seafood, 659 F.3d at 225.

    ii.    *Enforceability of the Clause*

The Court's analysis, however, does not stop there. Even when a forum selection clause is not entitled to the *presumption* of enforceability, the Court may still find the clause enforceable. If a forum selection clause is found "permissive, the court uses the Second Circuit's two-part analysis, examining whether the action might have been brought in the transferee court

8

and whether 'convenience of transfer and the interests of justice' warrant a transfer." Encompass Aviation, LLC v. Surf Air Inc., No. 18-CV-553, 2018 WL 6713138, at *5 (S.D.N.Y. Nov. 30, 2018) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)). In determining "whether convenience of transfer and the interests of justice warrant a transfer," id. (cleaned up), courts consider multiple factors, including:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

In re Collins, 438 F. Supp. at 394. Many of these nine factors are "private interest factors" which "include, *inter alia*: the locus of operative facts; access to evidence; the convenience of witnesses; the availability of compulsory process to compel witness testimony; the convenience of the parties; and, the relative financial means of the parties." Encompass Aviation, 2018 WL 6713138, at *12.

Here, Defendant appears to suggest that this case should be litigated in another venue—presumably the Central District of California, where Defendant is located. See Mot. at 15 n. 2. Thus, in turning to the first step in the two-step analysis outlined above, the Court considers whether this "action might have been brought in [a] transferee court." Encompass Aviation, 2018 WL 6713138, at *5. Here, this case could have been brought in the Central District of California pursuant to 28 U.S.C. § 1391 (b)(1)–(2). Defendant's principal place of business is in Rancho Cucamonga, California, and as outlined in supra Part II, a number of key events relevant to this dispute took place in California. Furthermore, the Central District of California would have subject matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332(a). Thus, the first step falls in Defendant's favor.

The second step, however, cuts against Defendant. The Encompass Aviation court provides analogous guidance on the applicability of private interest factors when considering the "convenience of transfer and the interests of justice." 2018 WL 6713138, at *12. In Encompass Aviation, the litigants signed a forum selection clause which designated the Southern District of New York as the appropriate venue for litigation. See id. at *3. The defendant in that case moved to transfer the case to the Central District of California. See id. at *4. The court evaluated, *arguendo*, the propriety of transfer to the Central District of California if the forum selection clause was permissive. Id. at *10. Ultimately, the court concluded that, under the "private factors," transfer was not appropriate because:

> Private interest factors relate to the convenience of the parties. It is clear that under the [disputed contract]'s forum selection provision, Defendant has waived its right to challenge this forum as inconvenient for itself or its witnesses. Thus, by agreeing to the [contract], Defendant has waived its ability to rely on any arguments related to private interest factors to support its motion for transfer.

Id. at *12. This analysis is directly analogous to this case. Defendant signed an agreement in which it agreed to litigation in New York, thus waiving "its right to challenge this forum as inconvenient for itself or its witnesses." Id. Therefore, transfer to another district—presumably the Central District of California—would be inappropriate.

In summary, this Court does not have personal jurisdiction over Defendant pursuant to New York's long-arm statute. This Court does, however, have jurisdiction over Defendant pursuant to the forum selection clause in the Agreement, as Defendant's signing of the Agreement waived "its right to challenge this forum as inconvenient for itself or its witnesses." Id. Defendant's Motion is therefore denied.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion, Dkt. No. 6, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 11, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge